NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

GEORGE MILTON WICKER, *Petitioner*.

No. 1 CA-CR 12-0610 PRPC

FILED 3-18-2014

---

Petition for Review from the Superior Court in Maricopa County
No. CR0000-136401
The Honorable Robert L. Gottsfield, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph Maziarz
*Counsel for Respondent*

George Wicker, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould, Judge Peter B. Swann and Judge Jon W. Thompson delivered the following decision of the Court.

---

**PER CURIAM**:

¶1        In 1984, petitioner George Milton Wicker pled no contest to five counts of kidnapping and four counts of sexual assault.  The trial court sentenced him to an aggregate term of 105 years' imprisonment and this court affirmed his convictions and sentences on direct appeal.  Wicker now seeks review of the summary dismissal of his third successive petition for post-conviction relief.  We have jurisdiction under Arizona Rule of Criminal Procedure 32.9(c).

¶2        Wicker argues that the Sexually Violent Persons Act ("SVP Act"), now codified at A.R.S. §§ 36-3701 to –3717, constitutes a significant change in the law that is retroactive and entitles him to be resentenced to a shorter term of imprisonment.  The SVP Act became effective in 1996. 1995 Ariz. Sess. Laws, ch. 257, § 11(B) (1st Reg. Sess.).  Wicker committed the offenses in 1983 and his convictions became final in 1987.

¶3        We grant review and deny relief.  The civil commitment provisions of the SVP Act could apply to Wicker if he lives long enough to complete his sentences.  *See Martin v. Reinstein*, 195 Ariz. 293, 308, ¶ 44, 987 P.2d 779, 794 (App. 1999) (holding that ex post facto prohibitions do not apply to the civil commitment provisions of the SVP Act).  There is, however, nothing in the SVP Act that requires the trial court to resentence Wicker to shorter terms of imprisonment simply to increase the likelihood that he might live long enough to be subject to the Act, and Wicker offers no authority to the contrary.  Further, this issue is precluded because Wicker could have raised it in a prior, timely post-conviction relief proceeding after the SVP Act became effective in 1996.  This is Wicker's second post-conviction relief action since 1996.  Any claim that a defendant could have raised in an earlier post-conviction relief proceeding is precluded.  Ariz. R. Crim. P. 32.2(a).  None of the exceptions under Rule 32.2(b) apply.

¶4        For the foregoing reasons, we deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: mjt